IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD E. ANDERSON, MILDRED GILLNER, and JOSEPH MILLER,<br><br>    Plaintiffs,<br><br>vs.<br><br>BAYER CORPORATION, BAYER HEALTHCARE LLC, and BAYER HEALTHCARE PHAMACEUTICALS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL NO. 09-988-GPM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on a motion for remand of this case to state court brought by Plaintiffs Ronald E. Anderson, Mildred Gillner, and Joseph Miller (Doc. 11). Plaintiffs seek damages for personal injuries allegedly caused by Trasylol, a prescription medication manufactured and distributed by Defendants Bayer Corporation ("Bayer"), Bayer Healthcare, LLC ("Bayer LLC"), and Bayer Healthcare Pharmaceuticals, Inc. ("Bayer Healthcare"). Plaintiffs filed this case originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on November 3, 2009. Their complaint asserts claims against Bayer, Bayer LLC, and Bayer Healthcare for strict products liability, intentional infliction of emotional distress, fraud, negligence, negligent misrepresentation, and breach of express and implied warranties. On November 25, 2009, Bayer, Bayer LLC, and Bayer Healthcare removed the case to this Court; the removing Defendants allege

federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). As noted, a motion for remand of this case to state court has been filed by Plaintiffs and, having considered the matter carefully, the Court now rules as follows.

## II. ANALYSIS

As an initial matter the Court notes the standard under which it must evaluate the instant motion for remand. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 329-30 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 998 (S.D. Ill. 2006). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Finally, "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of

remand to state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand."). With this standard in mind, the Court turns to an evaluation of Plaintiffs' motion for remand.

### A. Diversity Jurisdiction under the CAFA

In their notice of removal, Bayer, Bayer LLC, and Bayer Healthcare allege that this case is removable under the CAFA as a "mass action." A mass action within the meaning of the CAFA is: (1) a civil action commenced on or after February 18, 2005, in which monetary relief claims of one hundred or more persons are joined; (2) the plaintiffs' claims are proposed to be tried jointly on the ground that the claims involve common questions of law or fact; (3) there is minimal diversity of citizenship, that is, at least one plaintiff is not a citizen of the same state as at least one defendant; and (4) the plaintiffs each seek a recovery exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(11)(B)(i); *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 761-62 (7th Cir. 2008); *Mobley v. Cerro Flow Prods., Inc.*, Civil No. 09-697-GPM, 2010 WL 55906, at *2 (S.D. Ill. Jan. 5, 2010); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). Additionally, the CAFA authorizes removal of mass actions from state court to federal court. *See* 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1453(b); *Clayton v. Cerro Flow Prods., Inc.*, Civil No. 09-550-GPM, 2010 WL 55675, at *2 (S.D. Ill. Jan. 4, 2010). As already has been noted, Bayer, Bayer LLC, and Bayer Healthcare, the removing parties, have the burden of proving that all of the prerequisites for the exercise of federal subject matter jurisdiction in diversity under the CAFA are met.

The glaring defect in the removing Defendants' theory of CAFA jurisdiction in this case is that the case contains only three Plaintiffs, well short of the one hundred plaintiffs required for the exercise of diversity jurisdiction under the statute. Bayer, Bayer LLC, and Bayer Healthcare argue that the statutory minimum number of plaintiffs is satisfied in this instance because Plaintiffs in this case should be deemed by the Court to be parties to at least four other cases regarding personal injuries allegedly caused by Trasylol that are pending before the Court on removal from state court: *Gilmore v. Bayer Corp.*, Civil No. 09-986-GPM (S.D. Ill. filed Nov. 24, 2009); *Brown v. Bayer Corp.*, Civil No. 09-989-GPM (S.D. Ill. filed Nov. 25, 2009); *Bancroft v. Bayer Corp.*, Civil No. 09-990-GPM (S.D. Ill. filed Nov. 25, 2009); and *Lecker v. Bayer Corp.*, Civil No. 09-991-GPM (S.D. Ill. filed Nov. 25, 2009).[1] According to Bayer, Bayer LLC, and Bayer Healthcare, if the Court simply aggregates the claims of the three Plaintiffs in this case with the those of the one hundred plaintiffs in *Gilmore*, the five plaintiffs in *Brown*, the forty-five plaintiffs in *Bancroft*, and the eighteen plaintiffs in *Lecker*, then this case may be deemed to contain a grand total of 171 Plaintiffs. In the Court's view, the removing Defendants' theory of CAFA jurisdiction is foreclosed by the plain language of the statute and in fact is ridiculous.

In the first place, while Bayer, Bayer LLC, and Bayer Healthcare complain that the three Plaintiffs in this case are trying to evade federal jurisdiction under the CAFA by bringing their claims

---

1. Bizarrely, the removing Defendants also seem to suggest that the Court should deem Plaintiffs in this case to be parties to *Argento v. Bayer Corp.*, which apparently is an action against Bayer, Bayer LLC, and Bayer Healthcare concerning personal injuries allegedly caused by Trasylol that was filed recently in state court in Missouri by ninety-nine plaintiffs. How the Court's subject matter jurisdiction could be based on a case pending in state court the removing Defendants do not explain.

separately from the claims in *Gilmore*, *Brown*, *Bancroft*, and *Lecker*, it is not clear to the Court that this is so and, even if it is, it does not matter. The statute provides for federal subject matter jurisdiction only as to suits in which one hundred or more persons have joined their claims; cases involving the claims of fewer than one hundred persons simply are not within the purview of the statute. Second, the CAFA expressly excludes from the statutory definition of a mass action any case in which "the claims are joined upon motion of a defendant[.]" 28 U.S.C. § 1332(d)(11)(B)(ii)(II). Thus, were the Court to accede to the removing Defendants' request to aggregate the claims in this case with the claims in *Gilmore*, *Brown*, *Bancroft*, and *Lecker*, this would operate to take all five cases out of the scope of CAFA jurisdiction.[2] Similarly, although Bayer, Bayer LLC, and Bayer Healthcare point out that the proceedings in this case and in *Gilmore*, *Brown*, *Bancroft*, and *Lecker* appear to have been coordinated in state court before removal, the Court attaches no significance to this fact. The CAFA specifically excludes from the statutory definition of a mass action cases in which "the claims have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii)(IV). Thus, any coordination of proceedings in the state court (or, for that matter, in federal court) actually defeats CAFA jurisdiction in this instance. "All statutory interpretation begins with the language of the statute itself, and where . . . the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Pittway Corp. v. United States*, 102 F.3d 932, 934 (7th Cir. 1996). Here the plain statutory language of the CAFA precludes the Court from aggregating the claims in this case and in *Gilmore*, *Brown*, *Bancroft*, and *Lecker* to create a CAFA mass action.

---

2. In point of fact the Court held recently that the *Gilmore* case is a mass action for purposes of the CAFA. *See Gilmore v. Bayer Corp.*, Civil No. 09-986-GPM, 2009 WL 4789406, at **2-4 (S.D. Ill. Dec. 9, 2009).

The Court notes that its conclusion that this case is not a mass action under the CAFA is supported also by a number of traditional rules governing the exercise of federal subject matter jurisdiction on removal of which Congress is presumed to have been aware when it enacted the statute and which the CAFA is presumed not to overrule save to the extent it does so expressly. *See Brill v. Countrywide Home Loans*, 427 F.3d 446, 447-49 (7th Cir. 2005); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at **13-14 (S.D. Ill. Nov. 22, 2006); *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 775-76 (S.D. Ill. 2006). First among these principles against the backdrop of which the CAFA must be interpreted is that, in a diversity case, "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum," and thus may defeat a defendant's desire for a federal forum by artfully pleading their complaint to evade federal jurisdiction. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A closely related principle is the well settled doctrine that only a voluntary act of a plaintiff can make a case removable to federal court. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-72 (7th Cir. 1992); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1002-03 (S.D. Ill. 2007). Accordingly, a consolidation of claims to satisfy the CAFA's mass action provisions without the consent of Plaintiffs in this case would violate the familiar "voluntary-involuntary" rule. Third, a federal court can neither acquire subject matter jurisdiction through consolidation of cases nor consolidate cases as to which it lacks such jurisdiction. *See Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)) (for purposes of a court's analysis of subject matter jurisdiction, "consolidation is permitted as a matter of convenience and economy in

administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."); *United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (a court cannot acquire subject matter jurisdiction by consolidating a case in which it lacks jurisdiction with a case as to which it possesses jurisdiction). Accordingly, this Court cannot acquire subject matter jurisdiction as to this case by, as Bayer, Bayer LLC, and Bayer Healthcare propose, consolidating it (or notionally deeming it to be consolidated) with the *Gilmore* case, which, as the Court already has noted, is within the Court's diversity jurisdiction under the CAFA. Fourth and last, as already has been discussed, the right of removal is statutory and is narrowly construed. It is within the power of Congress to define the jurisdiction of the lower federal courts as narrowly or as broadly as it wishes, subject to the ultimate limits on the scope of federal judicial power identified in the Constitution. *See* U.S. Const. art. I, § 8, cl. 9; *Id.* art. III, § 2, cl. 1; *Jinks v. Richland County, S.C.*, 538 U.S. 456, 462 (2003); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). However, federal courts possess only that jurisdiction that is conferred on them by Congress, and that jurisdiction "is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)). The Court has no power to expand the scope of federal jurisdiction under the CAFA by decision. Although Congress certainly has the authority to amend the CAFA to authorize the aggregation of claims in separate cases to satisfy the statute's mass action provisions, as the statute now stands the removing Defendants' theory of CAFA jurisdiction based on aggregation of the claims in this case and those asserted in *Gilmore*, *Brown*, *Bancroft*, and *Lecker* must be rejected. The Court has no subject matter jurisdiction under the CAFA.

B.     **Fraudulent Misjoinder**

In addition to arguing that diversity jurisdiction exists in this case under the CAFA, Bayer, Bayer LLC, and Bayer Healthcare argue in the alternative that the Court can exercise jurisdiction under traditional, pre-CAFA diversity principles.  Under 28 U.S.C. § 1332, in cases to which the CAFA is not applicable, a court may exercise jurisdiction if there is complete diversity of citizenship among the parties, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *1 (S.D. Ill. Nov. 10, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 (S.D. Ill. 2006). For purposes of federal diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled, which is to say, the state where the person is physically present with an intent to remain there indefinitely.  *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Sadat v. Mertes*, 615 F.2d 1176, 1180-81 (7th Cir. 1980); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833-34 (S.D. Ill. 2006).  As to corporate parties, for diversity purposes a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business, with the corporation's principal place of business being determined in the Seventh Circuit by the state where the corporation has its headquarters or nerve center.  *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

Finally, a limited liability company is deemed to share the citizenship of each of its members for purposes of federal diversity jurisdiction. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006).

In this instance there appears to be no dispute that the claims of the three Plaintiffs in this case are each worth in excess of $75,000, exclusive of interest and costs, given that Plaintiffs allege severe and permanent physical injuries as a result of using Trasylol, as well as aggravated misconduct by Bayer, Bayer LLC, and Bayer Healthcare such as fraud and intentional infliction of emotional distress that potentially could support an award of punitive damages. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (holding that diversity jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and the plaintiff did not challenge the removing defendant's estimate of his potential damage); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (punitive damages in a ratio of two or three times a plaintiff's actual damages properly can be reckoned into the amount in controversy); *Colon v. SmithKline Beecham Corp.*, Civil No. 09-1073-GPM, 2010 WL 46523, at *2 (S.D. Ill. Jan. 5, 2010) (noting that this Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege

"severe and permanent personal injuries" from using a prescription medication). However, diversity of citizenship is not complete: Miller is a citizen of Pennsylvania, as are Bayer, a corporation incorporated under Indiana law that maintains its principal place of business in Pennsylvania, and Bayer LLC, a limited liability company of which the sole member is Bayer and which therefore is a citizen of Indiana and Pennsylvania as well.[3]

The removing Defendants contend that the Court can exercise jurisdiction in diversity because Miller has been fraudulently joined to defeat diversity jurisdiction. In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1045 (S.D. Ill. 2006). In the Seventh Circuit a defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1098 (S.D. Ill. 2007). A defendant seeking removal based on alleged fraudulent joinder has the "heavy burden" of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in a state court, a standard that, the United States Court of Appeals for the Seventh Circuit suggested recently,

---

3. The citizenship of the other parties to this case is as follows: Anderson is a citizen of Wisconsin; Gillner is a citizen of Illinois; and Bayer Healthcare is a corporation incorporated under Delaware law with its principal place of business in New Jersey and thus is a citizen of Delaware and New Jersey.

may be "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). *See also Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM, 2009 WL 4673933, at *3 (S.D. Ill. Dec. 4, 2009); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1092 (S.D. Ill. 2007).

Here the removing Defendants allege neither fraud in Plaintiffs' pleading of jurisdictional facts nor that Plaintiffs cannot establish a cause of action under state law against the Pennsylvania Defendants, Bayer and Bayer LLC. Instead, the removing Defendants contend that Miller's claim has been misjoined with the claims of Anderson and Gillner to defeat diversity jurisdiction. This is, of course, the doctrine of so-called "fraudulent misjoinder" or "procedural misjoinder," which generally is traced to the decision of the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). In *Tapscott* the Eleventh Circuit Court of Appeals held that the misjoinder of viable, non-fraudulent claims may nonetheless be tantamount to fraudulent joinder to defeat diversity, provided that the misjoinder is egregious. *See id.* at 1360 (finding complete diversity of citizenship where a group of plaintiffs with claims against a diverse defendant had "egregious[ly]" misjoined their claims with the claims of a group of plaintiffs against a non-diverse defendant). *See also Willingham v. State Farm Ins. Co.*, Civil Action No. 2:09-CV-59-SA-SAA, 2009 WL 2767679, at *2 (N.D. Miss. Aug. 27, 2009) (identifying *Tapscott* as the origin of the doctrine that misjoinder can be a form of fraudulent joinder to defeat diversity); *Palmer v. Davol, Inc.*, No. 07-md-1842-ML, No. 08-cv-02499-ML, 2008 WL 5377991, at *2 (D.R.I. Dec. 23, 2008) (same). Neither the Seventh Circuit Court of Appeals nor the Supreme Court of the United States has addressed the fraudulent misjoinder doctrine.

However, the undersigned District Judge has had occasion to do so, dealing with the doctrine at some length – and declining to recognize it – in *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842 (S.D. Ill. 2006).

To restate briefly the reasons for rejecting the fraudulent misjoinder doctrine set out in the *Rutherford* opinion, in that decision the Court pointed out that the doctrine is contrary to settled judicial understanding of the scope of federal diversity jurisdiction on removal. The Court observed that the jurisprudence of both the United States Supreme Court and the Seventh Circuit Court of Appeals has never suggested that a misjoinder of legally viable and non-fraudulent claims under state law is a species of fraudulent joinder, and in fact the longstanding principle in the federal courts has been that questions of joinder, particularly under state rules of civil procedure, do not implicate federal subject matter jurisdiction. *See* 428 F. Supp. 2d at 851. The Court noted further that because the basis for the exercise of federal jurisdiction on removal is entirely statutory and concerns the proper balance of power as between federal courts and state courts, the limits of that jurisdiction must be narrowly defined and any enlargement thereof is to be undertaken by Congress, not the courts. *See id*. at 852. Finally, the Court surveyed case law attempting to apply the fraudulent misjoinder doctrine and observed that courts have struggled with the meaning and scope of the doctrine. *See id*. at 852-54 (collecting cases).[4] The Court pointed out that the Seventh Circuit Court of Appeals has expressed a strong preference for jurisdictional rules that are simple and easy to apply, to ensure consistency of results and to avoid waste of resources

---

4. In this connection, the Court noted in the *Rutherford* decision that, of the federal courts that have adopted the fraudulent misjoinder doctrine, those courts that test fraudulent misjoinder under state procedural rules likely are upsetting the balance of federalism by needlessly inserting themselves into the judicial business of construing those rules, which is a matter of uniquely state concern. *See* 428 F. Supp. 2d at 854-55 & n.2.

through erroneous rulings on threshold issues of jurisdiction. *See id*. at 852. The Court opined further in the *Rutherford* decision that any jurisdictional principle based upon highly discretionary, fact-specific determinations about proper joinder of parties and claims in a given case is unlikely to yield consistent and predictable results. *See id*. at 855. Accordingly, the Court declined to recognize the fraudulent misjoinder doctrine, in the absence of further guidance on the matter, whether by Congress or by the Supreme Court and the Seventh Circuit Court of Appeals. *See id*.

The removing Defendants have offered the Court no grounds to depart from its prior reasoning in *Rutherford*, and therefore the Court adheres to that reasoning. As already has been noted, the right of removal arises neither from the common law nor the Constitution and instead is wholly statutory. *See Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 349 (1816) (the right of removal has no basis in the Constitution and instead is subject to the "absolute legislative control" of Congress). The wholly statutory basis of removal dictates in turn that the right of removal be construed narrowly. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). This limited construction of removal is consistent, of course, with the presumption against the exercise of federal jurisdiction generally. Because the federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto," *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), then "the fair presumption is (not as with regard to a Court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction till the

contrary appears." *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 10 (1799). In exercising their limited jurisdiction, federal courts have the authority to interpret jurisdictional statutes and to craft federal common law as need be, but this power is closely circumscribed by the presumption against the exercise of federal jurisdiction and in favor of the rightful jurisdiction of state courts. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990) (declining to hold that an unincorporated association is a "citizen" within the meaning of 28 U.S.C. § 1332 of the state under the law of which the association is organized, notwithstanding the fact that such a rule might serve the purpose of accommodating diversity jurisdiction to the changing realities of commercial organization: "Such accommodation is not only performed more legitimately by Congress than by courts, but it is performed more intelligently by legislation than by interpretation of the statutory word 'citizen.'"); *Hoagland v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 741 (7th Cir. 2004) (declining to adopt a rule that the citizenship of a professional corporation is the citizenship of its shareholders unless the corporation is organized under a state business corporations act, as "such a rule would involve the courts in rewriting the diversity statute."). *See also Kim Littlefield, DMD, P.C. v. Orthodontic Ctrs. of Ill., Inc.*, Civil No. 06-606-GPM, 2007 WL 273766, at *4 (S.D. Ill. Jan. 26, 2007) (quoting *Southern Pac. Co. v. Jensen*, 244 U.S. 205, 221 (1917) (Holmes, J., dissenting)) (in fashioning federal common law, judges act "only interstitially; they are confined from molar to molecular motions."). In the Court's view, the issue of whether or not to enlarge the scope of diversity jurisdiction through a device like the fraudulent misjoinder doctrine is one that is best left to resolution by Congress; as already has been noted, it is not the province of federal courts to enlarge their jurisdiction by decision. The Court finds that federal subject matter jurisdiction does not exist in this case.

### III. CONCLUSION

Plaintiffs' motion for remand of this case to state court (Doc. 11) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: January 13, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge